Stuart L. Carroll, Esq. (Calif. Bar #163980)
**LAW OFFICES OF STUART L. CARROLL**
400 Continental Blvd., Suite 600
El Segundo, California 90245
Telephone: (310) 615-1935
Email: stuart@carrollaw.com

Attorney for Plaintiff CARRIE GRAY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CARRIE GRAY,

Plaintiff,

vs.

PAT MCGRATH COSMETICS LLC, a New York limited liability company; SEPHORA USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive,

Defendants.

**Case No.: ______________________**

**COMPLAINT FOR:**

1. **FEDERAL TRADEMARK INFRINGEMENT (Forward Confusion) (15 U.S.C. §§ 1051 *et seq*.)**
2. **FEDERAL UNFAIR COMPETITION (Forward Confusion) 15 U.S.C.§§ 1125 *et seq*.)**
3. **FEDERAL TRADEMARK INFRINGEMENT (Reverse Confusion) (15 U.S.C. §§ 1051 *et seq*.)**
4. **FEDERAL UNFAIR COMPETITION (Reverse Confusion) (15 U.S.C. §§ 1125 *et seq*.)**
5. **UNFAIR COMPETITION (Statutory)**
6. **TRADEMARK INFRINGEMENT (Common Law)**

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff, CARRIE GRAY (hereinafter "Plaintiff"), by and through her undersigned attorney, complains against defendants PAT MCGRATH COSMETICS LLC, a New York limited liability company (hereinafter "Pat McGrath"), SEPHORA USA, INC., a Delaware corporation (hereinafter "Sephora"), and Does 1 through 10, and alleges as follows:

## I. INTRODUCTION

1. While working for the Veteran's Administration assisting veterans as a social worker, Plaintiff, an African-American single mom and veteran of the U.S. Air Force, developed a line of skin care products hoping to generate additional revenue to support her family. Plaintiff named this line "Skin Fetish" (the "Skin Fetish Mark") and proceeded, without counsel, to obtain a federally registered trademark for her brand (Reg. # 5,030,236).

2. Without regard for Plaintiff's priority in her brand, Defendant Pat McGrath, on or about March 22, 2016, launched a competing line of cosmetics it also named Skin Fetish. Upon discovering Defendant Pat McGrath's use of Plaintiff's Skin Fetish Mark, Plaintiff sent a cease and desist letter to Pat McGrath's primary distributor, Defendant Sephora. Despite receiving actual and constructive notice of Plaintiff's rights in her Skin Fetish brand, including a rejection by the United States Patent and Trademark Office of Defendant Pat McGrath's attempt to register a trademark in Plaintiff's Skin Fetish Brand, Defendant Pat McGrath continues to sell its own Skin Fetish line of cosmetics. Defendant Pat McGrath sells its infringing products through various trade channels such as Defendant Sephora and through Amazon.com where Plaintiff also sells her products.

3. Accordingly, to protect her brand and her trademark, Plaintiff was left with no alternative but to bring this action at law and in equity for trademark infringement, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2009) ("Lanham Act"); the fair business practices and unfair deceptive trade practices acts of several states; and the common law. Among other relief, Plaintiff asks this Court to: (a) permanently enjoin the Defendants from

distributing, marketing or selling any cosmetic products using the Skin Fetish Mark or any confusingly similar mark; (b) award Plaintiff monetary damages and to treble that award; (c) require Defendants to disgorge all profits from sales of any infringing products; and (e) award Plaintiff punitive damages, attorneys' fees and costs.

## II. PARTIES

4. Plaintiff is a citizen of the United States and resident of the County of Los Angeles, State of California.

5. Plaintiff is the owner and legal registrant of the Skin Fetish Mark.

6. At all times relevant herein, Plaintiff has developed and distributed a line of skin care products under the Skin Fetish Mark.

7. Upon information and belief, Defendant Pat McGrath is a New York limited liability company.

8. At all times relevant herein, upon information and belief, Defendant Pat McGrath has distributed, and continues to distribute, a line of skin care and cosmetics products using the brand name "Skin Fetish" (hereinafter, collectively, the "Infringing Products").

9. Upon information and belief, Defendant Sephora is a Delaware corporation.

10. At all times relevant herein, upon information and belief, Defendant Sephora has distributed, and continues to distribute, the Infringing Products through its online and brick-and-mortar sales channels.

11. Except as otherwise specifically referred to herein, the true names and capacities, either individual, plural, corporate, partnership, associate or otherwise, of defendants Does 1 through 10, inclusive, are unknown to Plaintiff and therefore Plaintiff sues said defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as a fictitiously named defendant is in some manner responsible for the events and happenings referred to herein and caused the damage to Plaintiff. When Plaintiff ascertains the true names and capacities of such Doe defendants, Plaintiff will seek leave of this Court to amend this

complaint accordingly. Each reference in this complaint to "defendant," "defendants" or a specifically named defendant refers also to all defendants sued under fictitious names.

12. Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein, each of the defendants was the agent, partner, servant, supervisor, employee, successor and/or joint venturer of each of the remaining defendants and was at all times herein mentioned acting within the course and scope, and purpose of said agency, employment, business enterprise and joint venture. Plaintiff is further informed and believes and on that basis alleges that to the extent that the conduct and omissions alleged herein were perpetrated by one or more of the defendants, the remaining defendants confirmed and ratified said conduct and omissions.

13. Plaintiff is informed and believes, and on that basis alleges, each and every allegation made herein of an act or omission on the part of a defendant or defendants shall also be deemed to refer to the act and/or omission of each defendant, whether acting individually, jointly, and/or severally.

## III. JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over Plaintiff's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

15. This Court has personal jurisdiction over Defendant Pat McGrath as, upon information and belief, Defendant Pat McGrath (a) has marketed, distributed, offered for sale, and/or sold Infringing Products within the County of Los Angeles, State of California; (b) regularly transacts and conducts business within the County of Los Angeles, State of California; and/or (c) has otherwise made or established contacts within the County of Los Angeles, State of California, sufficient to permit the exercise of personal jurisdiction.

16. This Court has personal jurisdiction over Defendant Sephora as, upon information and belief, Defendant Sephora (a) has marketed, distributed, offered for sale,

and/or sold Infringing Products within the County of Los Angeles, State of California; (b) regularly transacts and conducts business within the County of Los Angeles, State of California; and/or (c) has otherwise made or established contacts within the County of Los Angeles, State of California, sufficient to permit the exercise of personal jurisdiction.

17. Venue is proper in this judicial district under 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claims, as well as substantial injury to Plaintiff occurred within this judicial district. In addition, Plaintiff's principal place of business is located in the County of Los Angeles, State of California.

## IV. PRELIMINARY ALLEGATIONS—TRADEMARK OWNERSHIP

18. Plaintiff is the exclusive owner of all rights in and to the registered federal trademark, Reg. No. 5,030,236, issued by the United States Patent and Trademark Office ("USPTO") on August 30, 2016 for the Skin Fetish Mark covering "Facial soaps, non-medicated facial serums, body soaps, skin lotions, eye creams, body oils, facial foundation, and facial masks" under International Class 3. A copy of the Certificate of Registration for this mark is attached hereto, and incorporated herewith, as Exhibit 1.

19. Plaintiff has been using the mark in interstate commerce since at least as early as September 25, 2015.

20. Plaintiff's products prominently display the Skin Fetish Mark. A sample of Plaintiff's packaging bearing the Skin Fetish Mark is attached hereto, and incorporated herewith, as Exhibit 2.

21. Plaintiff sells products bearing her Skin Fetish Mark primarily through Amazon.com where she has been offering her products for sale since at least September 25, 2015. A copy of Plaintiff's Amazon.com product listing is attached hereto, and incorporated herewith, as Exhibit 3.

22. As the exclusive owner of all right, title and interest in and to the Skin Fetish Mark under International Class 3, Plaintiff owns the exclusive rights to, among other things, distribute, offer to sell and sell cosmetic products bearing the mark "Skin Fetish."

//

## V. PRELIMINARY ALLEGATIONS—INFRINGING ACTIVITIES

23. After Plaintiff filed for her Skin Fetish Mark with the USPTO and offered products bearing the Skin Fetish Mark for sale through Amazon.com and elsewhere, Defendant Pat McGrath began selling and distributing skin care and cosmetic products bearing the name "Skin Fetish" (Infringing Products). An example of Defendant Pat McGrath's Infringing Products is attached hereto, and incorporated herewith, as Exhibit 4.

24. Defendant Pat McGrath also uses Amazon.com to sell its Infringing Products (*see*, e.g., Exhibit 4).

25. Upon information and belief, by doing so, Defendant Pat McGrath confuses consumers searching for Plaintiff's products. For example, when searching for "Skin Fetish" using Amazon.com's internal search function, multiple listings for Defendant Pat McGrath's products appear. A copy of such search results is attached hereto, and incorporated herewith, as Exhibit 5.

26. In addition, upon information and belief, consumers searching for Defendant Pat McGrath's Infringing Products are likely to be confused to find Plaintiff's Skin Fetish products.

27. Defendant Pat McGrath also sells its Infringing Products through well-known retailer Defendant Sephora. A copy of Defendant Sephora's online offering of an Infringing Product is attached hereto, and incorporated herewith, as Exhibit 6.

28. Following Plaintiff's discovery of Defendant Pat McGrath's sale and distribution of cosmetic products bearing the brand name "Skin Fetish" through Defendant Sephora in violation of Plaintiff's exclusive rights under the Skin Fetish Mark, Plaintiff sent a cease and desist notice to Defendant Pat McGrath's primary distributor, Defendant Sephora. A copy of Plaintiff's cease and desist notice is attached hereto, and incorporated herewith, as Exhibit 7.

29. Defendant Sephora acknowledged receipt of Plaintiff's cease and desist notice but refused to comply with any of its terms and continued to sell Infringing

Products. A copy of Defendant Sephora's acknowledgment is attached hereto, and incorporated herewith, as Exhibit 8.

30. Defendant McGrath likewise refused to comply with Plaintiff's cease and desist notice and continued to sell Infringing Products.

31. Despite having actual knowledge of Plaintiff's Skin Fetish Mark, Defendant McGrath not only continued to sell and distribute Infringing Products but actually sought to register its own "Skin Fetish" trademark under International Class 3. A copy of Defendant McGrath's application for trademark registration for the proposed mark "Skin Fetish" under International Class 3 dated July 31, 2018 is attached hereto, and incorporated herewith, as Exhibit 9.

32. Applicants for trademark registration must affirmatively declare that:

*To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.*

33. Attorneys for Defendant Pat McGrath, having been "warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom," nevertheless declared "that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true." (*See* Exhibit 9, p. 7).

34. On September 29, 2018, the examining attorney for the USPTO issued an Office Action refusing registration of Defendant Pat McGrath's infringing mark, specifically basing its refusal on Plaintiff's prior trademark registration. A copy of the September 29, 2018 USPTO Office Action (hereinafter, the "9/29/18 Office Action") is attached hereto and incorporated herewith, as Exhibit 10.

35. The 9/29/18 Office Action specifically states "(r)egistration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 5030236." (*See* Exhibit 10, p. 2).

36. The 9/29/18 Office Action explained its reasoning stating "(t)hese marks are identical in appearance, sound, and meaning, 'and have the potential to be used…in exactly the same manner.' *In re i.am.symbolic, llc*, 116 USPQ2d 1406, 1411 (TTAB 2015), *aff'd*, 86 F.3d 1315, 123 USPQ2d 1744 (Fed. Cir. 2017). Additionally, because they are identical, these marks are likely to engender the same connotation and overall commercial impression when considered in connection with applicant's and registrant's respective goods and/or services. *Id.* **Therefore, the marks are confusingly similar.**" *See* Exhibit 10, p. 2 [emphasis added].

37. Despite receiving an unequivocal notification by the USPTO of its infringing actions, Defendant Pat McGrath nevertheless continued to sell and distribute its Infringing Products.

38. On October 10, 2018, Plaintiff sent another cease and desist notice to Defendant Sephora.

39. On October 18, 2018, Defendant Sephora acknowledged receipt of Plaintiff's cease and desist notice but again refused to comply with any of its terms and continued to sell Infringing Products.

40. On October 29, 2018, attorneys for Defendant Pat McGrath sent a bullying and threatening e-mail to Plaintiff in response to Plaintiff's October 10th cease and desist notice. A copy of that bullying and threatening e-mail is attached hereto, and incorporated herewith, as Exhibit 11.

41. Upon information and belief, Defendant Pat McGrath's bullying tactics and infringing activities have proved quite successful. According to a July 16, 2018 Women's Wear Weekly article, defendant Pat McGrath received a minority investment in the company which values defendant Pat McGrath at $1,000,000,000 (one billion U.S. dollars).

42. Defendants Pat McGrath and Defendant Sephora continue to sell the Infringing Products.

## VI. FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement – 15 U.S.C. §§ 1051 *et seq*.

### (Forward Confusion)

### Against All Defendants

43. Plaintiff repeats and realleges each of the allegations set forth in Paragraphs 1 through 42, inclusive, and by this reference incorporates the same as though fully set forth herein.

44. Defendants' use of Plaintiff's Skin Fetish Mark is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

45. Defendants' use of Plaintiff's Skin Fetish Mark is in violation of 15 U.S.C. § 1114. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and ability to market its goods under its registered Skin Fetish Mark for which Plaintiff has no adequate remedy at law.

46. Defendants' actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Plaintiff's Skin Fetish Mark or to cause dilution of the mark to Plaintiff's great and irreparable harm.

47. Defendants' actions caused and is likely to continue causing substantial injury to Plaintiff and to the public, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

48. Defendants' infringement of the Skin Fetish Mark is deliberate, willful and without extenuating circumstances, and constitutes an exceptional case within the meaning of 15 U.S.C. §1117(b).

## VII. SECOND CLAIM FOR RELIEF

**Federal Unfair Competition – 15 U.S.C. §§ 1125 *et seq*.**

**(Forward Confusion)**

**Against All Defendants**

49. Plaintiff repeats and realleges each of the allegations set forth in Paragraphs 1 through 48, inclusive, and by this reference incorporates the same as though fully set forth herein.

50. Defendants' use of Plaintiff's registered Skin Fetish Mark has caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

51. Defendants' actions are in violation of 15 U.S.C. §1125(a) and have caused and will continue to cause Plaintiff to suffer damages in an amount to be determined at trial.

52. Defendants' actions are in violation of 15 U.S.C. §1125(a) and have caused and will continue to cause a likelihood of confusion and deception of members of the trade and public, and injury to Plaintiff's goodwill, for which Plaintiff has no adequate remedy at law.

53. Defendants' actions demonstrate an intentional, willful, and malicious intent to violate Plaintiff's exclusive rights in its Skin Fetish Mark to the great and irreparable injury of Plaintiff.

54. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 116, and 1117.

//

//

## VIII. THIRD CLAIM FOR RELIEF

**Federal Trademark Infringement – 15 U.S.C. §§ 1051 *et seq*.**

**(Reverse Confusion)**

**Against All Defendants**

55. Plaintiff repeats and realleges each of the allegations set forth in Paragraphs 1 through 54, inclusive, and by this reference incorporates the same as though fully set forth herein.

56. Defendants' use of Plaintiff's Skin Fetish Mark is likely to cause confusion, deception and mistake by creating the false and misleading impression that Plaintiff's goods are manufactured or distributed by Defendants, or are associated or connected with Defendants, or have the sponsorship, endorsement, or approval of Defendants.

57. Defendants' use of Plaintiff's Skin Fetish Mark makes it more difficult for consumers to locate Plaintiff's goods at online retailers and through online search engines by generating search results that dilute and obscure the offerings and listings of Plaintiff's goods, causing harm and damage to Plaintiff in an amount to be determined at trial.

58. Defendants' use of Plaintiff's Skin Fetish Mark is in violation of 15 U.S.C. § 1114. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and ability to market its goods under its registered Skin Fetish Mark for which Plaintiff has no adequate remedy at law.

59. Defendants' actions demonstrate an intentional, willful and malicious effort to eclipse Plaintiff's Skin Fetish Mark through their own use of Plaintiff's Skin Fetish Mark to Plaintiff's great and irreparable harm.

60. Defendants' actions caused and are likely to continue causing substantial injury to Plaintiff and to the public, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

61. Defendants' infringement of the Skin Fetish Mark is deliberate, willful and

without extenuating circumstances, and constitutes an exceptional case within the meaning of 15 U.S.C. §1117(b).

**IX. FOURTH CLAIM FOR RELIEF**

**Federal Unfair Competition – 15 U.S.C. §§ 1125 *et seq*.**

**(Reverse Confusion)**

**Against All Defendants**

62. Plaintiff repeats and realleges each of the allegations set forth in Paragraphs 1 through 61, inclusive, and by this reference incorporates the same as though fully set forth herein.

63. Defendants' use of Plaintiff's registered Skin Fetish Mark has caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Plaintiff's goods are manufactured or distributed by Defendant, or are affiliated, connected, or associated with Defendant, or have the sponsorship, endorsement, or approval of Defendant.

64. Defendants' actions demonstrate an intentional, willful and malicious effort to eclipse Plaintiff's Skin Fetish Mark through their own use of Plaintiff's Skin Fetish Mark to Plaintiff's great and irreparable harm.

65. Defendants' actions are in violation of 15 U.S.C. §1125(a) and have caused and will continue to cause Plaintiff to suffer damages in an amount to be determined at trial.

66. Defendants' actions are in violation of 15 U.S.C. §1125(a) and have caused and will continue to cause a likelihood of confusion and deception of members of the trade and public, and injury to Plaintiff's goodwill, for which Plaintiff has no adequate remedy at law.

67. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 116, and 1117.

## X. FIFTH CLAIM FOR RELIEF

**Unfair Competition and Deceptive Trade Practices**

**Against All Defendants**

68. Plaintiff repeats and realleges each of the allegations set forth in Paragraphs 1 through 67, inclusive, and by this reference incorporates the same as though fully set forth herein.

69. Defendants' unauthorized and infringing use of Plaintiff's registered Skin Fetish Mark is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Plaintiff, and otherwise damaging the public.

70. Defendants' unauthorized and infringing use of Plaintiff's registered Skin Fetish Mark is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Plaintiff's goods, causing a likelihood of confusion as to Plaintiff's affiliation, connection, or association with Defendant, and otherwise damaging the public.

71. Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair competition and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq.*; Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115; Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536; Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375; Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5; Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7; Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216; Minnesota, MINN. STAT. ANN. § 325D.43 to .48; Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306; New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22; New York, N.Y. GEN. BUS. Law § 349; Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04; and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55.

72. Defendants' unauthorized use of Plaintiff's federally registered Skin Fetish

Mark has caused and is likely to cause substantial injury to the public and to Plaintiff. Plaintiff is therefore entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## XI. SIXTH CLAIM FOR RELIEF

### Common Law Trademark Infringement and Unfair Competition

73. Plaintiff repeats and realleges each of the allegations set forth in Paragraphs 1 through 72, inclusive, and by this reference incorporates the same as though fully set forth herein.

74. Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this injury.

75. On information and belief, Defendants acted with full knowledge of Plaintiff's use of, and statutory and common law rights to, the Skin Fetish Mark and without regard to the likelihood of confusion of the public created by Defendants' conduct.

76. Defendants' actions demonstrate an intentional, willful, and malicious effort to eclipse Plaintiff's Skin Fetish Mark through their own use of Plaintiff's Skin Fetish Mark to Plaintiff's great and irreparable harm.

77. As a result of Defendants' actions, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, Plaintiff is entitled to injunctive relief, to an accounting of Defendants' profits, damages, reasonable attorneys' fees and costs.

78. As a result of Defendants' willful and malicious use of Plaintiff's Skin Fetish Mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff is entitled to punitive damages, in addition to all other relief under law and at equity to which Plaintiff is otherwise entitled.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each of the Defendants as follows:

1. That Defendants, and each of them, be held to have infringed Plaintiff's Skin Fetish Mark in violation of federal and state laws;

2. That Defendants, and each of them, be held to have unfairly competed with Plaintiff in violation of federal and state laws;

3. For entry of preliminary and permanent injunctions enjoining Defendants, and each of them, from advertising, marketing, promoting, offering for sale, distributing or selling any goods bearing the Skin Fetish Mark or any confusingly similar iteration thereof;

4. For entry of preliminary and permanent injunctions enjoining Defendants, and each of them, from using the Skin Fetish Mark or any confusingly similar iteration thereof, on any goods or in any manner that is likely to cause confusion, mistake, deception or public misunderstanding that such goods or services are produced or provided by Plaintiff or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

5. For entry of preliminary and permanent injunctions enjoining Defendants, and each of them, from using the Skin Fetish Mark or any confusingly similar iteration thereof, on any goods or in any manner that is likely to cause confusion, mistake, deception or public misunderstanding that Plaintiff's goods or services are produced or provided by Defendants or are sponsored or authorized by Defendants, or are in any way connected or related to Defendants;

6. For entry of preliminary and permanent injunctions providing that each Defendants shall deliver to Plaintiff for destruction, all goods, boxes, labels, promotional materials, advertising, sample books, packages, signs, tags, bags and all other materials bearing the Skin Fetish Mark in any manner or bearing any confusingly similar variant of the Skin Fetish Mark;

7. That Defendants, and each of them, be required to account to Plaintiff all gains, profits, benefits and advantages derived from their sale or distribution of any and all goods bearing the Skin Fetish Mark or any confusingly similar iteration thereof;

8. That Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint;

9. That, on account of Defendants' knowing and intentional use of Plaintiff's Skin Fetish Mark, all damages awarded to Plaintiff be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

10. That Defendants, and each of them, be required to pay Plaintiff's full costs in this action, including reasonable attorneys' fees as the Court may allow pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

11. That, on account of Defendants' willful and deliberate infringement of Plaintiff's Skin Fetish Mark, and to deter such conduct in the future, Plaintiff be awarded punitive damages;

12. That Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards; and

13. For such other and further relief as the Court deems just and equitable.

Dated: January 4, 2019. **LAW OFFICES OF STUART L. CARROLL**

By: / Stuart L. Carroll /
Stuart L. Carroll, Esq.
Attorney for Plaintiff CARRIE GRAY

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues triable as of right by a jury.

Dated: January 4, 2019. **LAW OFFICES OF STUART L. CARROLL**

By: / Stuart L. Carroll /
Stuart L. Carroll, Esq.
Attorney for Plaintiff CARRIE GRAY